UTICA,
Aug. 1828.

Gould
v.
Allen.

---

GOULD *vs.* ALLEN.

In an action
of covenant, a
plaintiff is
bound to aver
enough to shew
with all reason-
able certainty,
that he has
been damaged.
Thus where G.
agreed to sell a
farm to A. con-
taining 161 a-
cres, and A. a-
greed to pay G.
$26 per acre
for all the land
except the road
running thro'
the same, and
covenanted to
purchase in the
premises if
they were sold
under certain
mortgages
which were
liens upon the
land, and to ad-
vance suffi-
cient to pay
such mortga-
ges; on the
land being sold
under the mort-
gages, and an
action brought

DEMURRER to declaration. Action covenant. The plain-
tiff declared on an agreement under seal, dated 3d July, 1826,
by which he covenanted to sell to the defendant a certain
farm containing 161 acres of land, and give a deed; and the
defendant agreed to pay the plaintiff on the 1st May, 1827,
$26 per acre, for all the land *except the road running through
the same,* which was to be deducted and not paid for. The
defendant also agreed to purchase in the premises, if they
were sold under certain mortgages which were liens upon
the land, and to advance sufficient to pay the amount of such
mortgages, and the costs of such sale; for which advances,
the plaintiff agreed to allow interest until defendant's payment
fell due. On the 28th April, 1827, the premises were sold
under the mortgages, and bought in by one Louisa Smith, for
the sum of $3220, to whom a deed was executed by virtue
of the said sale and purchase. The breach assigned is,
that the defendant neglected to purchase in the premises, or
to make the necessary advances to pay and discharge the
liens.

The defendant demurred, and assigned nine special causes
of demurrer; amongst others, that it did not appear by
the declaration, that the plaintiff had tendered a deed; nor

on the agreement for the recovery of damages, it was holden on demurrer, that the declara-
tion was defective for the want of an averment as to the quantity of land contained in the
road, so as to enable the court to say, that the plaintiff had sustained damage by the neglect
or refusal of the defendant to purchase in the farm at the mortgage sale.

that the plaintiff had suffered or sustained any damage whatever by reason of the mortgage sale, &c. The cause was submitted on written arguments.

*Hooker & Tallmadge*, for defendant. The extent of the defendant's liability to pay, depended upon the quantity of land in the farm, exclusive of the road running through it ; or if required to purchase in the premises at the mortgage sale, he was not bound to do so, if the amount of the liens exceeded the sum which he had agreed to pay for the farm. To have enabled the court to judge whether the defendant was in default, and the plaintiff injured, the quantity of land *to be paid for* according to the terms of the agreement ought to have been averred ; for unless there was more land in the farm, exclusive of the road, than would have amounted to $3220, at $26 per acre, the defendant was not bound to discharge the liens, nor has the plaintiff sustained an injury. The declaration, therefore, is defective for the want of the necessary averments. (1 *Chitty's Pl.* 235, 236, 241, 255, 521. *Com. Dig. Pleader*, C. 17, 22, 50, E. 5, 6. *Archb. Civ. Pl.* 113, 115, 121.) The counsel insisted, that from the general tenor of the agreement, the covenants should be adjudged to be dependant, requiring an averment of a tender of a deed. The other points discussed by the counsel, not being particularly passed upon in the opinion delivered, are omitted.

*Maison*, for plaintiff. The covenants in the agreement are mutual and independent. (2 *Johns. R.* 145, 272, 387. 5 *Johns. R.* 78. 10 *Johns. R.* 205. 20 *Johns. R.* 15. 5 *Bos. & Pul.* 233. 1 *Saund.* 320, n. 4. 1 *Wils.* 88. 1 *Chitty's Pl.* 311, 12.)

A specific allegation of the precise amount of damage sustained, is not necessary to be made ; and it is now the usual and approved practice in cases of this kind, to state only so much of any contract as contains the entire act which is to be done, and the rest of the contract which respects the liquidation of damages, after a right to them has accrued by a breach of the contract, is matter proper to be given in evi-

dence to the jury in liquidation of damages, but not necessary to be shown to the court in the first instance on the face of the record. (2 *Johns. R.* 149. 1 *Chitty's Pl.* 296, 301, 332. 13 *Johns. R.* 226.) It is manifest that the plaintiff has sustained damage by the default of the defendant. The purchase money to be paid at the stipulated price, amounts to $4205,50; the premises were sold for $3220. It is not to be presumed, that the road occupied so much of the land as to exhaust the difference between those two sums,

*By the Court,* SUTHERLAND, J. The *eighth* special cause of demurrer is well taken. The declaration does not shew that the plaintiff has sustained any damage by reason of the neglect or refusal of the defendant to purchase in the farm in question at the mortgage sale. If the farm actually sold for more than the defendant was by his contract to give for it, then the plaintiff has sustained no injury by his omission to purchase it at the mortgage sale ; for it is very clear that the defendant was not bound to bid more than the price which he was to give for the farm ; that is $26 per acre, And probably the construction of the agreement. would be, that he was obliged to bid no more than the amount of the mortgage with interest and costs. The object of the stipulation on the part of the plaintiff, was to secure a fund to pay off the incumbrances, and prevent the property from being sacrificed.

The farm is described as containing 161 acres ; the defendant was to give $26 per acre for all the land except the road running through the same, which was to be deducted and not paid for, How much was contained in the road is no where averred in the declaration, or set forth in the contract. The number of acres to be paid for by the defendant, is therefore entirely uncertain. If, after deducting the road, less than 123 acres were left, then the price which the plaintiff was bound to pay, at $26 per acre, would be $3198. But the farm actually produced at the mortgage sale, $3220 ; so that the plaintiff has sustained no damage, as he has realized more than the defendant was bound to advance. It is not probable that the deduction for the road is as great as I have supposed. But we cannot judicially say that it is not,

and the plaintiff is bound so aver enough to shew with all reasonable certainty, that he has been damaged. This I think he has failed to do, and that the demurrer on that ground is well taken.

The covenants are clearly mutual and independent, and the plaintiff was not bound to aver a tender of the deed as a performance of his part. The action is not brought for the consideration money ; the only breach alleged, is the neglect to advance the mortgage money. I am inclined to think there is no force in any of the other causes assigned.

Judgment for defendant on demurrer, with leave to plaintiff to amend,