Jones, Chief Justice,
delivered the opinion of the court. This is a general demurrer to a declaration in covenant, by the lessor against the lessee, upon an indenture of lease, for not paying the plaintiff for necessary repairs put by him upon the premises, and which the defendant was to pay for according to the terms and effect of the covenant of the defendant, the lessee, in the lease contained.
The objections taken at the bar to this declaration, in support of the demurrer are, that it does not appear by way of allegation or averment, that any repairs were necessary, or that the plaintiff ehher made any himself, or paid for the making of any repairs whatever. The defendant contends that it was optional with her, by the covenant, to repair the premises, or pay for the repairs of them, but insists that if her obligation was to pay for repairs to be made by the plaintiff, the declaration ought to show clearly that repairs were necessary, that the plaintiff made them, and what they cost him.
The declaration states the covenant to be, that the defendant should pay the plaintiff for all necessary repairs put by him upon the premises, and avers that the defendant entered in and upon the demised premises, and was possessed thereof under the lease, and that she did not, during the demise, and whilst she was possessed of the premises, pay, or cause to be paid to the plaintiff the expense of the repairs that became and were necessary to the premises, and that were made upon them by him after the making of the deed. This assignment of the breach, the plaintiff alleges to be sufficient on the ground that it is in the words of the covenant. The suf.ficiency of such an assignment, as a general rule, is not denied ; but the defendant contends, that this is not a case for the application of the rule, and insists that an assignment in these general terms *35 does not show a breach of the covenant. If the assignment in its present form does not show a breach which entitles the plaintiff to damages, the demurrer is well taken. Under the general rule the breach would be sufficiently assigned by negativing the words of the covenant, and the exception is of cases where such general assignment does not necessarily amount to an averment of a breach of the covenant, but further averments are necessary to show that the covenant has been broken; and in these cases the breach must be specially assigned. If, then, the-general assignment in this case does necessarily import a breach of the covenant it is sufficient, and no further, or more special averment or allegation was required. Now, the covenant was to pay for all necessary repairs put upon the premises by the plaintiff: the breach the plaintiff assigns is, that the defendant has not paid him, (the plaintiff) for the repairs that became and were necessary, and were put upon the premises by him. Does not this. general assignment necessarily amount to an averment of a breach of the covenant by the defendants ? The covenant stipulates that he would, and the assignment of the breach denies, that he did» pay for the necessary repairs put by the plaintiff" upon the premises. The faults imputed to the assignment are, that the pleader does not specially, and in express terms aver that repairs were necessary, and were made by the plaintiff, and show the amount of the cost of them to him. These specifications of the charge made by a general assignment which imports a breach of the covenant, are not required to be set forth in the declaration, but are necessarily implied in the averment of the breach. The rule which allows an assignment of the breach in the words of the covenant, or by negativing the performance of the agreement, according to the stipulation of the party in the deed, necessarily excuses the pleader from the obligation to specify the particulars, or set forth the matters at large which constitute the breach. To require a specification of the particulars of the breach, would be to abrogate the rule, and to hold the general assignment insufficient. But if the general rule is to be observed, and the allegation and charge of the non-payment by the lessee upon request for the necessary repairs put upon the premises by *36 the lessor, necessarily implies the fact that repairs were necessary, and were put upon the premises, and imputes to the defendant a breach of her covenant to pay for them, then this declaration x v cannot be demurrable, or certainly cannot be questioned upon general demurrer, which -to prevail must be for defects in matters of substance.
To sustain the general assignment it will be incumbent on the plaintiff to show, that repairs were necessary, and were put upon the premises by him; and to give the jury a measure of his damages, he must also show the amount of his expenditure in making them. But these are matters of evidence to be shown at the trial in support of the action. They are not necessary to he superadded to the general assignment in the pleading, and so far as any averment of them is requisite, it is in substance made in the general assignment itself, for. the averment that the defendant did not, and would not pay for the repairs that were necessary, and were made upon the premises by the plaintiff, is in substance an averment of the fact that repairs were necessary and were made. And if these facts are necessarily included in that general averment, a distinct and substantive averment of them could not be necessary.
The case of Treadwell v. Steele, [3 Caines’ R. 169.] on which the defendant relies, differs essentially from this, but the principle of it illustrates and confirms the rule which applies to this. In that case the covenant was, not to cut, or carry off, or suffer others to cut, or carry off any timber, hut from the lands which then were, or should thereafter be cleared. The plaintiff assigned his breach that the defendant did cut and carry off!, and suffer divers others to cut and carry off from the premises, other than such parts of the same as the defendant had, or yet has cleared, divers large quantities of timber, &c.; and the court held the breach was bad, because the cutting might be from places cleared by others, and not by the defendant. Hence it was that the fact assigned for the breach of the covenant might be true, and yet the defendant might under the covenant have lawfully taken the timber, as it might be taken from land cleared by others, the covenant not restricting the defendant from cut *37 ting, or taking timber from any land then, or thereafter to be cleared.
This case then aptly exemplifies and confirms the rule, that an assignment in the words of the covenant which shows a breach is sufficient, but that it must show a breach, or it will be bad. If the breach had been assigned in the words of the covenant, and the cutting alleged to be on lands other than such as had been cleared, in general terms without limiting it to land which the defendant had himself cleared, no objection could have been taken to its sufficiency. The example given in Espinasse of the exception to the rule which allows an assignment in the words of the covenant furnishes a further illustration of the rule itself.
But it is said, that in this case, it was optional with the defendant to repair herself, or to pay for the repairs. I see no ground for the pretension; there is no option given to the defendant to repair herself. The stipulation is to pay for the repairs to be made by the lessor, who has chosen to see to those repairs himself, and to exact from the defendant a covenant to pay him for them The actual repairing by the defendant might have satisfied the covenant, but the plaintiff was not bound to wait for her to repair. He had a right to make the repairs himself, and then call upon -the defendant to pay for them. We must intend that he has done so, and that the defendant has violated the terms of her covenant by not paying him the expense he has incurred thereby. We think the breach well assigned, and the plaintiff must have judgment on the demurrer.
Judgment for plaintiff, with leave to the defendant to withdraw the demurrer on payment of costs.
[J. R. Whiting, atty. for deft. D. Graham, atty. for plff.]
Note.—The following cases may be referred to on this subject: Abbot v. Allen, 14 J. R. p. 248. ; Juliand v. Burgott, 11 Johns. R. p. 6. and the notes to that case. Fletcher v. Peck, 6 Cranch, p. 127.; Esp. N. P. vol. 1. p. 298. and the cases there cited.