THOMAS, administrator, &c. *vs.* S. C. VAN NESS and others, devisees, &c.

The legal effect of a covenant to *sell* certain lands, is, that the covenantor shall *by deed convey* to the covenantee ; and, in averring performance, the covenantor is bound to set forth the nature of the conveyance executed by him.

Where a party bound himself to pay a sum certain as the consideration of lands to be conveyed to him by discharging two mortgages, incumbrances upon the land, and paying the balance to the vendor, *it was held* that a breach was ill assigned which alleged generally the non-payment of the mortgages and of the balance to the vendor without averring the mortgages to be due, or that the vendee had the right to pay them, or that the vendor had sustained injury by the non-payment, there being nothing on the face of the declaration by which it could be ascertained that there was a balance beyond the mortgages.

*Condition precedent*, instance of.

It is not always sufficient to aver *performance* in the *words* of the contract : the *intent* of the contract must be shewn to have been performed, and where the words do not clearly and unquivocally express, in terms, that which in judgment of law they import, their legal import constitutes the contract that must be averred to have been done.

Where it is necessary on the part of the plaintiff to aver performance, it must be set forth with such certainty as to enable the court to judge whether the intent of the covenant has been fulfilled.

DEMURRER to declaration. Thomas, as administrator of the estate of I. Hagerman, deceased, sued the defendants as the devisees of G. B. Van Ness, deceased. He declared in

*covenant* on articles of agreement, bearing date in 1806, entered into between Hagerman and Van Ness, by which Hagerman covenanted *to sell* to Van Ness eleven acres of land for $875, which Van Ness covenanted on his part to pay in the following manner : To the new loan officers of the county of Dutchess, the amount of the principal and interest of a mortgage executed by Hagerman on the land agreed to be sold ; also another mortgage given by Hagerman to B. Everitt of Fishkill ; and the balance to be paid to Hagerman as soon as Van Ness should have the possession of the land. The declaration contained averments that Hagerman, in his life time, to wit, on the —— day of —— 1806, *did sell* the lot in question to Van Ness in his life time ; that Van Ness, in his life time, to wit, on the *same day* and year, had possession of the same ; and that the balance of the purchase money, after paying and satisfying the mortgages, amounted to the sum of $400. The *breaches* assigned were, that neither Van Ness in his life time, nor the defendants since his decease, had paid the principal and interest specified in the mortgage to the new loan officers of the county of Dutchess ; nor had they paid the amount of the mortgage executed to Everitt, nor the balance of the purchase money, to wit, the sum of $400, to Hagerman in his life time, nor to the plaintiff since his decease.

To this declaration the defendants demurred, and among other causes of demurrer assigned the following : 1. That the *heirs* of Van Ness ought to have been joined in the action against the devisees, or it ought to have been averred that he had no heirs ; 2. That the amount and time of payment of the *mortgages* ought to have been averred ; and 3. That the manner of performance of the covenant of Hagerman ought to have been set forth. The plaintiff joined in demurrer.

*Hooker*, for defendant. Performance on the part of Hagerman was a condition precedent, and must be averred. It is not enough, however, to allege that he did *sell* the land to Van Ness. The intent of the covenant was that the property, the subject matter of the contract, should be *conveyed* to Van Ness by deed, so as to invest him with the title, and

a conveyance by deed ought to have been averred. Where NEW-YORK, it is necessary to aver performance, it must be shewn to have been according to the intent of the covenant; for it is not sufficient to pursue the *words*, if the *intent* be not also performed; and performance must be shewn with such certainty that the court may judge whether the intent of the covenant has been duly fulfilled. (1 Chitty's Pl. 316. Comyn's Dig. Pleader, C. 56, 60, and E. 25. Cro. Jac. 503. Cro. Eliz. 914, 477. 1 Saund. 117, n. 1. Archb. Civ. Pl. 98, 164, 5.) Every plea must be so pleaded as to be capable of trial. (1 Chitty's Pl. 519, 20. 9 Co. 25, a.) Under the plea that the intestate Hagerman did *sell*, a complicated question of law and fact is presented, which the jury cannot try. Where the act to be done involves in it a question of law, as, whether done as the law requires, the *quo modo* must be stated. (Archbold's Civ. Pl. 98, note. 11 Mass, R. 44, 5.)

The breach is badly assigned : 1. In averring the non-payment of the mortgages without shewing the monies secured thereby to be due, or any past or present liability to pay them, or any injury to the plaintiff by reason of the non-payment; and 2. In not shewing the amount of the mortgages, in which way only it could appear that there was a balance due after satisfying the mortgages. The contract is silent on those points, and the omission is not supplied by any averments in the declaration ; and the rule of law is that every presumption is to prevail against the party pleading. (1 Chitty's Pl. 241, 521.) The declaration must allege all the circumstances necessary and material to the support of the action, so that the defendant may plead a direct and unequivocal plea, and that the jury may give a complete verdict upon the issue. (1 Chitty's Pl. 255. Archbold's Civil Pl. 115.)

The declaration should have been against the *heirs* as well as the *devisees* of the testator Van Ness. (1 Chitty's Pl. 39, 40. 2 id 161, n. b. 1 P. Wms. 99. 2 Saund. 7, n. 4. Viner's Abr. tit, Heir, Z. d. 7 East, 128.) It is not to be presumed, without averment of the fact, that the testator died without heirs.

NEW-YORK,
May, 1830.

Thomas
v.
Van Ness.

*S. Cleveland,* for plaintiff. The averment that the defend-
ants are devisees is sufficient; it is not necessary to allege
that lands devised came to them, or have been in their pos-
session as such devisees, out of which they might satisfy the
demand of the plaintiff; nor is it necessary to aver or shew
a want of personal assets to entitle a creditor to resort to the
heirs or devisees, the remedy against the latter being given
by statute.

The mortgages are set forth with sufficient certainty; but
if the covenant to pay them be void for uncertainty, the obli-
gation to pay the whole sum of $875 remains good. That
sum is definite and certain. If the defendants or their testa-
tor have paid any part thereof in extinguishment of the mort-
gages, such payment may be shewn in their defence. The
defendants cannot complain of want of certainty in this re-
spect; the mortgages being set forth in as broad terms as
they are described in the covenant.

The manner of making the sale and conveyance need not
be averred. These words, as applied to the subject matter,
have a definite legal meaning. The covenant to pay is not
on the condition of receiving a conveyance, but on obtaining
possession; and the delivery of possession is expressly aver-
red. The covenants are independent, and performance need
not be averred.

It was not necessary to join other parties. First, the fact
does not appear that there are heirs to be joined with the dev-
isees, and it not appearing on the face of the declaration, it is
not cause of demurrer; if the defendants wished to have
availed themselves of this objection, they should have plead-
ed in abatement; and secondly, was it admitted that there
were heirs, our statute does not require that suits shall be
brought *jointly* against heirs and devisees, it in this respect dif
fering from the English statute.

*By the Court,* SUTHERLAND, J. It is not always sufficient
to aver *performance* in the words of the contract. The *intent*
of the contract must be shewn to have been performed; and
where the words do not clearly and unequivocally express in
terms that which in judgment of law they import, their legal
import constitutes the contract, and that must be averred to

have been done; and where it is necessary, on the part of the plaintiff, to aver performance, it must be set forth with such certainty as to enable the court to judge whether the intent of the covenant has been fulfilled. (Com. Dig. Plead. C. 58, 59, 60, and cases there cited. 1 Chitty's Pl. 316, 17.)

Thus in this case, the covenant on the part of the plaintiff was to sell to Garret B. Van Ness, the testator of the defendant, a certain lot of land. The legal effect of this covenant was that he was to convey the land to Mr. Van Ness by a deed; but the contract not having specified the species of conveyance to be given, he should have averred, not that he sold, but that he conveyed, and have set forth in general terms, the nature of the conveyance, whether it was a quit-claim deed or a deed with warranty, &c. in order that the court might judge whether it was such a deed as, by the legal intent of the contract, he was bound to give.

The plaintiff in his declaration has treated this as a condition precedent on his part, and on that ground has attempted to shew performance; and such, I think, is the true construction of the contract.

2. The breach on the part of the defendants is insufficiently assigned. By the contract, Mr. Van Ness was to pay for the lot $875 in manner following, to wit: to the new loan officers of the county of Dutchess the amount of the principal and interest of a certain mortgage given by said Hageman on the said land; and also one other mortgage given as aforesaid to one Benjamin Everitt, of Fishkill, and the balance to be paid to the said Hageman as soon as the said Garret B. Van Ness should have the possession of the said land. Neither the date nor the amount of either of the mortgages is stated, nor when payable; nor does Mr. Van Ness undertake to pay on or before any particular day. The balance over and above the mortgages was to be paid when he took possession of the land. The breach assigned is that Mr. Van Ness in his life time did not pay, nor have the defendants since his death paid the said mortgages, or the balance over and above the mortgages.

Now, it does not appear that the mortgages are due, or that the defendants had the legal right to pay them, or that the plaintiff has sustained any injury by reason of the non-payment. No breach of the contract on the part of Mr. Van Ness is therefore shewn, so far as the mortgages are concerned; and as it relates to the balance, there is nothing on the face of the declaration from which it can be ascertained whether there is any balance beyond the mortgages, as no means are afforded by which the amount of the mortgages can be determined. The breach is, in this respect, altogether too vague and uncertain. (1 Chitty's Plead. 325 to 331.)

3. By the English statute of 3 W. & M. ch. 14, which gives to creditors a remedy against the heirs and devisees of their debtor, it is expressly provided that the action shall be brought against the heirs and devisees *jointly*. (Bac. Ab. tit. Heirs and Ancestors, 3d vol. page 461. 2 Saund. 7, note 4, where this statute will be found. 1 Chitty's Plead. 40. 2 id. 161, precedent 15, note b, and cases there cited.)

In our statute for the relief of creditors against heirs and devisees, (1 R. L. 316,) the word *jointly* is omitted, and the action is given generally against the heirs and devisees, &c. Whether this would alter the construction of the statute, and authorize an action to be brought against the heirs or devisees alone, where there were both, it is not necessary to decide; though I should incline to the opinion that it would not, and that they ought all to be joined. But the omission, where it does not appear on the face of the declaration, can be taken advantage of only by plea in abatement. Where there are no devisees, *all the heirs* must be sued jointly; but if they are not all joined, it must be pleaded in abatement. (Com. Dig. tit. Abatement, F. 9. 2 Viner's Abr. 67. 1 Chitty's Plead. 29, 40. (*Whitaker* v. *Young*, 2 Cowen, 569.) In this case, it does not appear that there are any heirs of Garret B, Van Ness; as it regards this exception, therefore, the demurrer is not well taken.

But on the other grounds which have been stated, the defendants are entitled to judgment upon the demurrer, with leave, however, to the plaintiff to amend on payment of costs.