By the Court,
Bkonson, J¿
Thfe coil tract with its recitals amounts to this: The defendant Stebbins had mortgaged a farm to the plaintiff, and the plaintiff wished to obtain further security for the payment of thfe mbrtgage debt. Stebbins owned several lots of land at Bangor^ from the sale of which the whole or some part of the debt might be paid. He covenanted with the plaintiff that he would sell the lots “ to the best advantage”—in other words, for the best price—he could obtain for the same in cash between the date of the agreement and the first day of October then next,- and that he would “ pay the proceeds of said sales” (deducting expenses) to the plaintiff by the first day of October, to be applied on the mortgage. Thus far we have nothing but the several covenant of Stebbins. But Thurber now comes in as a surety, and then we have the joint covenant of both defendants “ that the éaid mbneys so received as aforesaid shall bé paid to said Brown.” This only bound Thurber to see that the proceeds were paid over in case sales should be made. The plaintiff wanted something more. A further joint covenant was therefore added, “ that said Stebbins shall use all necessary care and diligence in the sale of said lots.” On a fair construction of this covenant, I think the defendants undertook for twd things—firs that Stebbins should use all necessary care and diligence to mak sales within the specified time ; and second, that he should use such care and diligence to sell the lots “ to the best advantage,” or jfor the *157 pnce that could be obtained for the same within that time.
The breaches assigned are substantially the same in both counts. One breach is, that the defendants, or either of them, did not pay the proceeds of the sale of the lots to the plaintiff. This is bad. It can only be made out by argument and inference, if at all, that there were any sales or proceeds, and the demurrer is special. It does not follow from the fact that no proceeds were paid over, that there were any proceeds to be paid over. The fact that sales were made and moneys received by Stebbins should have been directly alleged. (Serra v. Wright, 6 Taunt. 45.) If there were no sales, it is impossible that there should be a breach of this covenant. Another breach to which objection has been taken by special demurrer is, that£< Stebbins did not sell and dispose of the lots to the best advantage, or for the most he could obtain for them.” Does the pleader mean that Stebbins did not sell at all, or that he did not sell' for the best price which could have been obtained 1 It is impossible to say which. If there was nb sale, that fact should have been directly alleged; and if the complaint he that Stebbins sold, but did not get the best price which could have been obtained, the pleader should have said so in explicit terms. Without such an averment the" defendants can neither know how to plead, nor what evidence they may expect to meet on the trial.
The breach is not assigned in the weirds of the joint covenants, or either of them. And when the pleader undertakes to assign a breach coming within the substance, effect of intent of the covenant, he is held to a more strict rule than when he follows, either negatively or affirmatively, as the case may be, the words of the contract. (Com. Dig. Pleader, (C. 47).)
The remaining breach is, that Stebbins did not use all necessary care arid diligence in the sale of the lots. Here the pleader has followed and negatived the words of one of the joint covenants, and as a general rule that is sufficient. (Hughes v. Smith, 5. John. 168; Smith v. Jansen, 8 John. 111 ; Kar *158 thans v. Owings,2 Grill & John. 430 ; McGeehan v. McLaughlin, 1 Hall, 33; Com. Dig. Pleader (C. 45); 1 Chit. Pl. 365, 6, ed. of ’37.) There is an exception id the rule, where this mode of pleading does not necessarily amount to a breach of the covenant. (Julliand v. Burgott, 11 John. 6 ; Gould v. Allen, 1 Wend. 182; Thomas v. Van Ness, 4 Wend. 549.) It is undoubtedly true that the defendants may suffer some inconvenience for the want of a more specific breach. They are not advised whether the plaintiff intends to go for a want of care and diligence to make sales, or for not selling at the best price which might have been obtained, or for both. But still the rule is well settled that the pleader may follow the words of the covenant, either negatively or affirmatively, as the case may be, where that will necessarily show the contract has been broken ; and such is the case here. If Stebbins has not used all necessary care and diligence in the sale of the lots, the defendants have not kept their covenant.
As this breach is well assigned, and the demurrer goes to the whole declaration, the plaintiff is entitled to judgment. The defendants should have pleaded to the breach in each count which is well assigned, and demurred to the others.
Judgment for the plaintiff,