Smith *v.* Brown.

The judgment of the county court should be reversed, and that of the justice affirmed.

Ordered accordingly.

[FULTON GENERAL TERM, January 2, 1854. *Hand, Cady* and *C. L. Allen,* Justices.]

17b 431
15ap384

17b  431
70 AD ² 55

SMITH *vs.* BROWN and others, trustees of school district No. 30, Potsdam.

Where, by a contract for work and labor a performance of the work is a condition precedent to the payment of the consideration, in an action to recover the consideration, performance of the work must be averred.

Where in an action to recover the price agreed to be paid for the building of a school house, the complaint alleged that the plaintiff had performed all the work and labor of building and completing the school house, and had fulfilled all the conditions of the contract in every respect *except* wherein the same were afterwards *waived and altered by the direction, consent or negligence and fault of the defendants ;* and that the defendants subsequently demanded possession of the school house, which the plaintiff delivered up to them ; *Held,* on demurrer, that the complaint was defective.

THIS was an appeal from a judgment rendered at a special term, overruling the defendants' demurrer to the complaint. That pleading set forth two agreements in writing, which it was averred were made, the first on the 27th day of February, 1851, between the plaintiff and the defendants, Brown and Bailey, and one Orlando Smith, who were then trustees of school district No. 30, in Potsdam, of which the present defendants were trustees at the commencement of this suit; and the other between the plaintiff and the defendants in this suit, on the 1st day of September, 1851, for extra work, which last agreement was signed by the plaintiff and by Bailey, acting in behalf and by the direction of the trustees. The complaint then set out both agreements. The first agreement was to build a school house on the lot owned by district No. 30, agreeably to a particular

plea, and in a particular manner.  This agreement was signed by all the parties.  The second was a separate contract for extra work on the school house, and was signed by the plaintiff, and by Bailey alone, as trustee.  The complaint, after averring that the trustees were duly authorized to execute said agreements, by a vote of the legal voters of the school district, in a legal meeting, and that sufficient money to pay for the building of the school house in the manner provided in the written agreements, was duly raised by tax in the district, and paid over to the trustees and their successors in office, the defendants, and which was in their hands, proceeded as follows : " And the same plaintiff further says, that in pursuance of said written agreements, the plaintiff went on and performed all the work and labor of building said school house, and completing the same according to the terms of said written agreements, and fulfilled on his part all the contracts and agreements of said written agreements in every respect, *except* wherein the same were afterwards waived and altered from said written agreements by the direction, consent *or negligence and fault of the said defendants.* The plaintiff also says, that on or about December 5, 1851, the defendants demanded from the plaintiff possession of said school house, which the said plaintiff delivered up to them, and they have remained in possession of said school house ever since." The plaintiff demanded judgment for $98.41, being the balance of the sum agreed to be paid him, with the interest.  The defendants demurred to the complaint, assigning several causes of demurrer, which are noticed sufficiently in the opinion of the court.  The judge overruled the demurrer, and the defendants appealed.

*W. H. Wallace,* for the plaintiff.

*Dart & Gordon,* for the defendants.

*By the Court,* C. L. ALLEN, J.  The plaintiff was bound to aver a performance of the work, as it was a condition precedent to the payment.  The principal question on this demurrer is,

Smith *v.* Brown.

whether he has averred such performance. If he had simply alleged that he had performed all the contracts and agreements in every respect, and omitted the qualifying part, I think he would substantially have complied with § 162 of the code; but he adds to his general averment, that he had performed "in every respect, except wherein the same were afterwards waived and altered from said written agreements, by the direction, consent or negligence and fault of the said defendants." The learned judge who overruled the demurrer remarks, that this was a substantial compliance with the rules of pleading adopted by the code. That this latter clause, which he denominates a *waiver*, might have been omitted without prejudice; and that evidence that the work of the plaintiff was waived, or the mode of doing it altered in some respects, yet that it was accepted by the defendants, would show a compliance with the contract. He observes, that when a condition precedent has been waived by the other party, an averment of performance is proved by evidence of waiver. That the clause relative to waiver is therefore *redundant*, but that redundancy is no ground of demurrer. I am constrained to differ with him in his construction of the clause. I think that by inserting it the plaintiff qualifies the whole averment. He virtually admits that the contracts have been altered and varied from the originals, by the direction and consent or *negligence and fault* of the defendants. He does not state how or to what extent the contracts have been altered. For aught that appears, they may have been varied in every important particular, and yet the defendants, or the court, are not informed in what manner, or how, they have been modified or waived; or how, or in what manner, the negligence or fault of the defendants contributed to such modification or waiver. The complaint does not aver that the plaintiff performed the contracts as altered. It shows that they are not the same which he set forth as the originals, but does not state what they are. If he relied on the original contracts, he should have omitted the latter clause containing the *exception*, and then perhaps evidence that it had been partially waived or altered, but still accepted by the defendants, "would show a compliance with

the statute." But he has elected in his complaint to state that the contracts were varied. He should have stated the terms of the modified contract, and not have left them altogether vague, uncertain and indefinite; and then he might have concluded with the general averment that he had performed, all the conditions of the agreement, thus modified. (2 *Wend.* 399, 587.) If the plaintiff relied on the averment of excuse for not performing, on the ground of waiver, or the negligence of the defendants, the particular circumstances constituting such excuse or negligence should have been averred. (1 *Chit. Pl.* 325.)

An averment that the plaintiff performed the contract *as near as it was possible* was held bad, in *Stagg* v. *Munro*, (8 *Wend.* 399.) Besides, in this case the pleading is in the alternative. How much was waived by the direction and consent of the defendants, and how much the plaintiff was prevented by the negligence of the defendants, from performing, does not appear; or whether the non-performance was occasioned by the one or the other. It has been frequently decided that hypothetical pleading is bad. In the case just cited, the court remarked that the plaintiff went farther, and averred that what he did do was accepted by the defendants in full performance of the contract. And the learned judge seems to rely, in his opinion, upon the fact that the plaintiff here substantially avers that the defendants accepted the school house as a performance of the contract. I can find no averment of acceptance, in the complaint. The only pretence for such a claim is in these words: "Plaintiff also says that on or about December 5, 1851, the defendants demanded from the plaintiff possession of said school house, which the plaintiff delivered up to them, and they have remained in possession ever since." How demanded and delivered up? As a full performance of the contract on the part of the plaintiff, and received as such? This is not averred. Or, demanded because the defendants had the right to possession on and after the 1st of December, when the plaintiff's time to complete the contract had expired? This construction is most favorable to the defendants. (1 *Hill,* 71, 200, 475.) At most, this allegation can only be said to be a

statement of the *evidence* of the performance, and not the fact itself, which should have been averred, without setting forth the evidence to prove it.

I think the demurrer was well taken, and that the judgment of the special term should be reversed, with leave for the plaintiff to amend on payment of costs.

Judgment accordingly.

[FULTON GENERAL TERM, January 2, 1854. *Hand, Cady* and *C. L. Allen,* Justices.]