## HATCH vs. PEET and others.

In averring performance of a condition precedent to a right of action upon a bond, it is not sufficient for a complaint to allege that the parties who were to do so, "did execute a release of all actions," &c. without stating whether it was by an instrument under seal, or in what manner, so as to enable the court to judge whether it was a valid release.

So, also, an allegation as to the discontinuance of suits, that all suits, &c. "were discontinued, each party paying his own costs, as in the condition of said bond stipulated," without stating what was done for the purpose of a discontinuance, so that the court may see that the object was effected, is insufficient.

The rules respecting the mode of setting forth the performance of conditions precedent were not intended to be substantially changed by the code.

Facts showing performance, are to be stated; not circumstances which are mere evidence; nor mere legal conclusions.

Where one of the conditions precedent in a bond was that "all suits in the supreme court, and in the county court of Monroe county, are to be discontinued, each party paying his own costs; meaning three ejectment suits in the name of Polly M. Hatch, in the supreme court, one against *Norman Peet*, one against Nelson Peet, and one against Silas Dunham and others; and five suits in the county court, three in the name of Polly M. Hatch, and two in the name of Elmore A. Hatch," and the allegation of performance, in the complaint, was that "all suits in the supreme court, and in the county court of Monroe county, were discontinued, each party paying his own costs, as in the condition of said bond stipulated, meaning three ejectment suits in the name of Polly M. Hatch, in the supreme court, against Nelson Peet, and one against Silas Dunham and others; and five suits in the county court, three in the name of Polly M. Hatch, and two in the name of Elmore A. Hatch;" nothing being said in the latter allegation, about the suit against *Norman Peet*, mentioned in the bond, and it not appearing in any way to have been discontinued; *it was held*, on demurrer, that the complaint was bad for not showing performance of the stipulation *as to that suit*; the general averment that all suits, &c. were discontinued, being expressly limited, by what followed, to the suits particularly specified.

*Held also*, that the latter clause of the sentence explained and restricted the former part; and that although unnecessary, yet having been made, and the general allegation qualified by it, it could not be rejected as surplusage.

APPEAL from an order made at a special term, overruling a demurrer to the complaint. The complaint alleged that on the 7th day of January, 1853, the defendants and Nelson Peet, deceased, executed and delivered to Polly M. Hatch and Elmore A. Hatch, a bond, of which the following is a copy: "Know all men by these presents, that we, Nelson Peet, Harmon H. Peet,

Silas C. Peet, Norman C. Peet and Silas Dunham are held and firmly bound unto Polly M. Hatch and Elmore A. Hatch, in the penal sum of two thousand dollars, to be paid to the said Polly M. and Elmore A., for the which payment well and truly to be made we bind ourselves and personal representatives, jointly and severally, firmly by these presents. Sealed with our seals. Dated January 7, 1853. The condition of this obligation is such, that if the said obligors or personal representatives shall well and truly pay or cause to be paid to the said obligees, their personal representatives or assigns, the just and full sum of one thousand dollars when and upon the performance of the following covenants and stipulations by the said obligees, that is to say : 1st. Polly M. Hatch, Daniel Hatch and Elmore A. Hatch, of Webster, are to convey by a good and sufficient deed of quit-claim, duly acknowledged, and have the same recorded in the clerk's office of Monroe county, at their expense, cost and charges, all their and each of their interest, right, title and claim of in and to the farm, being about 88 acres of land in Webster, of which the late Hannah Beecher died in possession, and which the said Polly, Daniel and Elmore A. claim an interest in as heirs at law of said Hannah Beecher, to Benjamin S. Whitehead. 2d. The said obligees are to procure at their own costs and charges and have recorded in said clerk's office, a conveyance in like manner and to like effect from Charles E. B. Hatch, Henry A. Hatch and Mary Ann Everitt to said Benjamin S. Whitehead, of their respective rights, title, &c., to said farm. 3d. The said Polly M. Hatch and Elmore A. Hatch are to assign to Nelson Peet for himself and for the benefit of the said obligors, and others in interest, the demands, notes and claims which they hold against the said Hannah Beecher's estate, and which are now in suit in the supreme court, (P. G. Buchan, plaintiff's attorney in the suit.) 4th. The said obligees are to cause judgments to be perfected in the said suits for these claims at their, the said obligees, expense and costs, and to cause an assignment of said judgments to be made to the said Nelson Peet for his benefit and for the benefit of others interested in the said farm. It being expressly understood

Hatch v. Peet.

that when said conveyances are recorded there shall appear no other conveyance or conveyances from said Hatches, or any of them to said farm, or any share thereof, recorded in said clerk's office. It also being understood that the demands in said suits shall be shown by the oath of the said Daniel Hatch and other witnesses, to be genuine and subsisting demands unsettled or paid at the coming circuit in Monroe. 5th. The said Polly M., Elmore A. and Daniel are to execute a release in full of all actions and causes of action whatever to said Nelson Peet, Norman Peet, Lorenzo A. Dunham, Stephen B. Peet, Harmon H. Peet, Silas Dunham and Silas C. Peet, for any supposed trespasses on said farm or otherwise, or to their or each of their persons, meaning the persons of said obligees, in any way or at any time, and also for any use, rents or profits of said farm, since the death of said Hannah Beecher, by whomsoever enjoyed, directly or indirectly, in which release there shall be a provision against any suit or suits by the said Polly, Elmore or Daniel to be hereafter brought for any cause hitherto against any of said releasees, under stipulated damages of $200 for so doing. The said obligees will execute a release of all actions and causes of action to said Elmore A., Daniel and Polly M. when requested, under same penalty. 6th. All suits in the supreme court and in the county court of Monroe county are to be discontinued, each party paying his own costs, meaning three ejectment suits in the name of Polly M. Hatch, in the supreme court ; one against Norman Peet, one against Nelson Peet and one against Silas Dunham and others, and five suits in the county court—three in the name of Polly M. Hatch and two in the name of Elmore A. Hatch. 7th. In case the conveyances of Charles E. B. Hatch, Henry A. Hatch and Mary Ann Everitt cannot be obtained as stated in stipulation two aforesaid, by reason of their refusal or otherwise, then said Polly M., Elmore A. and Daniel are to covenant to and with said Benjamin S. Whitehead to indemnify against their claim to said farm, and costs and charges in defending said claim, same to be in due form. It is also hereby agreed on the part of the obligees, when said moneys shall become payable to said obligees by above stipu-

lations performed, said Nelson Peet shall also deliver to said obligees a note in his possession, dated 19th January, 1852, signed by Charles Close, for $200, payable 1st of October, 1853, with use, to Polly Hatch or bearer; and said Peet shall guarantee on said note that no part has been paid to him by the maker or on his behalf.

NELSON PEET.        [L. S.]

HARMON H. PEET. [L. S.]

SILAS C. PEET.        [L. S.]

NORMAN C. PEET. [L. S.]

SILAS DUNHAM."  [L. S.]

The plaintiff alleged: That in pursuance of the stipulations and covenants in said bond on their part, to be performed, the said Polly M. Hatch and Elmore A. Hatch and Daniel Hatch did convey, by a good and sufficient deed of quitclaim, duly acknowledged, and had the same recorded in the clerk's office of Monroe county, at their expense, costs and charges, all their and each of their interest, right, title and claim, of, in and to the farm, being about 88 acres of land in Webster, of which the late Hannah Beecher died in possession, and in which the said Polly, Daniel and Elmore A. claimed an interest as heirs at law of said Hannah Beecher to said Benjamin S. Whitehead. That the said Polly and Elmore A. did procure at their own cost and charges, and had recorded in said clerk's office, a conveyance in like manner and to like effect from Charles E. B. Hatch, Mary Ann Everitt and Henry A. Hatch, by his then name of Henry S. Hatch, to said Benjamin S. Whitehead, their respective rights, title, &c. to said farm.  That the said Polly and Elmore A. did assign to said Nelson Peet, for himself and for the benefit of the obligors and others in interest, the demands, notes and claims which they held against the said Hannah Beecher's estate, and which were then in suit in the supreme court.  That the said Polly M. and Elmore A. caused judgment to be perfected in said suits for those claims at their expense and costs, and caused an assignment of said judgments, according to the tenor, effect and conditions in said bond set forth, to be made to the said Nelson Peet, for his benefit and for the benefit of

others interested in the said farm. That when said conveyances were recorded there appeared no other conveyance or conveyances from said Hatches, or any of them to said farm or any share thereof, recorded in said clerk's office. That the demands in said suits were proven on the oath of said Daniel Hatch and other witnesses to be genuine and subsisting demands unsettled and not paid. That the same were not so proved at the circuit court in Monroe county, immediately subsequent to the execution of said bond, by reason that said court was unable from want of time to try said causes, without delay or default on the part of said Daniel M. and Elmore A.; but were proved at the circuit court immediately succeeding, in said county. That the said Polly M., Elmore A. and Daniel did execute a release in full of all actions and causes of action whatever, to said Nelson Peet, Norman Peet, Lorenzo A. Dunham, Stephen B. Peet, Harmon H. Peet, Silas Dunham and Silas C. Peet, for any supposed trespasses on said farm or otherwise, or to their or each of their persons, meaning the persons of said Polly M. and Elmore A. in any way or at any time, and also for any use, rents or profits of said farm, since the death of said Hannah Beecher, by whomsoever enjoyed, directly or indirectly, in which release there was a provision against any suit or suits by the said Elmore, Polly or Daniel to be brought after date of said bond for any cause whatever against said releasees under stipulated damages of $200 on so doing. That all suits in the supreme court and in the county court of Monroe county were discontinued, each party paying his own costs as in the condition of said bond stipulated, meaning three ejectment suits in the name of Polly M. Hatch, in the supreme court, against Nelson Peet, and one against Silas Dunham and others, and five suits in the county court, three in the name of Polly M. Hatch, and two in the name of Elmore A. Hatch. That said defendants and the said Nelson Peet, or either of them, have not paid said sum of $1000, nor has the said Nelson Peet delivered to said plaintiff the note made by Charles Close for $200, described in said bond, nor guaranteed that no part has been paid to him by the maker thereof or on his behalf, as in

said bond provided. The plaintiff further averred, that on or about the 14th day of April, 1855, the said Elmore A. Hatch and Polly M. Hatch, by an instrument in writing, under seal, duly executed by them, for value received of said plaintiff, assigned, transferred and made over to him, the said plaintiff, the said bond and all their right, title and interest therein; wherefore the plaintiff prayed judgment for $1200, with interest, &c.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

The special term overruled the demurrer, with leave to the defendants to answer on the usual terms. The defendants appealed.

*M. S. Newton,* for the plaintiff.

*H. K. Jerome,* for the defendants.

*By the Court,* T. R. STRONG, J. The performance of the several acts specified in the condition of the bond to be performed, by the persons therein named, was a condition precedent to a right of action on the bond, against the defendants; and consequently essential to be stated in the complaint to disclose a cause of action. By section 162 of the code, a simple and easy mode of stating performance in such cases is furnished; it being declared by the section, that "in pleading the performance of conditions precedent in a contract, it shall not be necessary to state the facts showing such performance; but it may be stated generally that the party duly performed all the conditions on his part; and if such allegation be controverted, the party pleading shall be bound to establish on the trial the facts showing such performance." That provision was either overlooked by the plaintiff's attorney, or he did not desire the aid of it, in framing the complaint in this case, as the complaint does not contain such a statement or allegation, and hence the sufficiency of the complaint, on demurrer, must be

determined independent of it. The allegations of performance state the doing of the acts to be done, in the precise language of the condition of the bond, and some of them, as for instance, that in relation to the execution of a release of actions, and that relating to a discontinuance of suits, involve matter of law to such extent that, according to the rules of pleading in such cases before the code, they would be bad on special demurrer. It is alleged that the parties who were to do so, "did execute a release of all actions," &c. without stating whether by an instrument under seal, or in what manner, so as to enable the court to judge whether it is a valid release. Chitty says, (1 *Chit. Pl.* 283, *ed. of* 1828,) "performance ought to be shown with such certainty that the court may judge whether the intent of the covenant has been duly fulfilled, as in consideration that the plaintiff would acquit A. of a debt, it is not sufficient to say that he acquitted him, without showing how, as by deed," referring to *Leneret* v. *Rivet*, (*Cro. Jac.* 503 ;) *Com. Dig. tit. Pleader C*, 60; *Cro. Eliz.* 914; *Sir T. Jones*, 125. The doctrine stated by Chitty is fully supported by those authorities. The allegation as to the discontinuance of suits is, that all suits, &c. "were discontinued, each party paying his own costs, as in the condition of said bond stipulated," not stating what was done for the purpose of a discontinuance, so that the court may see the object was effected. The entry of an order of discontinuance with the clerk was necessary. (*Averill* v. *Patterson*, 10 *How. Pr. R.* 85.) That the allegations of performance particularly specified, at least, are bad on special demurrer under the former rules of pleading, I also refer to *Thomas* v. *Van Ness*, (4 *Wend.* 549 ;) *Glover* v. *Tuck*, (24 *id.* 153.) Those rules, respecting the mode of setting forth the performance of conditions precedent, were not, I think, intended to be substantially changed by the code. There is nothing in the sections as to the contents of a complaint, or of an answer, inconsistent with them; on the contrary, these sections substantially adopt them, by prescribing for a complaint a plain and concise statement of the facts constituting a cause of action, and that new matter in an answer be stated in ordinary and concise language.

The whole spirit and policy of the code accord with those rules, which are highly salutary, and indispensable to a wise and just system of pleading.   Facts showing performance are to be stated, not circumstances which are mere evidence, nor mere legal conclusions.   But whether the remedy under the code for a defective allegation of performance—not an omission of the allegation—by being too general or too circumstantial, is only by motion under section 160 of the code to strike out for redundancy, or that the pleading be made definite and certain by amendment, or sometimes by demurrer, and when a demurrer will lie for such a defect, if at all, are questions not perhaps free from difficulty.   In *Richards* v. *Edick*, (17 *Barb.* 260,) Gridley, J., says, "defects merely formal, and which under the former practice were appropriate subjects of a special demurrer, cannot now be reached and corrected by this form of proceeding ;" and again, "the counts of the complaint to be overthrown by the demurrer, must present defects so substantial in their nature, and so fatal in their character, as to authorize the court to say, taking all the facts to be admitted, that they furnish no cause of action whatever."   (*See Swift* v. *Dewitt*, 3 *How. Pr. Rep.* 280; *Smith* v. *Brown*, 17 *Barb.* 431; *Van Schaick* v. *Winne*, 16 *id.* 90; *Smith* v. *Lockwood*, 13 *id.* 209; *The People* v. *Ryder*, 2 *Kernan*, 433; *Hall* v. *Taylor*, 8 *How. Pr. Rep.* 428.)   Where there is too great minuteness and detail, and in some cases where facts and law are blended, probably the remedy is to be sought under section 160 of the code ; when the allegation is of a mere legal conclusion, the remedy may perhaps be by demurrer.   An answer that a plaintiff is not the legal owner and holder of a note sued upon, is insufficient to warrant evidence under it, and is of course bad on demurrer, as stating a mere legal conclusion. (*See Seeley* v. *Engell*, 17 *Barb.* 530; *Thomas* v. *Desmond*, 12 *How. Pr. Rep.* 321; *Brown* v. *Ryckman*, *id.* 313.)   So also, for the same reason, it was held by the supreme court, in *Seeley* v. *Engell*, that an answer that a note was given by mistake for a greater sum than was due, &c. to wit, a sum sufficient to cancel the balance claimed to be due on the note, &c. was insufficient to admit evidence

Hatch v. Peet.

under it; but this latter ruling has very properly been reversed by the court of appeals. The defect, if any, was not a statement of a legal conclusion, but a too general statement of a fact, and the remedy was by motion under section 160 of the code. The principle of these cases is applicable to like defects in a complaint. An allegation of a legal conclusion merely, is one which gives no fact, but matter of law only. It is not easy always, in practice, however, to determine what allegations are of that character, on account of the difficulty in deciding when facts will be held to be implied from, and therefore embraced in, an allegation in pleading. The allegation in this case, that suits "were discontinued," would seem to be as naked of facts as the allegation of ownership of a note, or demand, in the cases cited.

But it is not necessary, in the view which I take of this case, to decide whether the complaint is demurrable on account of any such defects as have been suggested, as I think the complaint is bad, for not showing, in any manner, performance of one of the stipulations forming a condition precedent, in the bond. That stipulation is, that "all suits in the supreme court, and in the county court of Monroe county, are to be discontinued, each party paying his own costs—meaning three ejectment suits in the name of Polly M. Hatch, in the supreme court; one against Norman Peet, one against Nelson Peet, and one against Silas Dunham and others; and five suits in the county court, three in the name of Polly M. Hatch, and two in the name of Elmore A. Hatch." The allegation of performance is, that "all suits in the supreme court, and in the county court of Monroe county, were discontinued, each party paying his own costs, as in the condition of said bond stipulated, meaning three ejectment suits in the name of Polly M. Hatch, in the supreme court, against Nelson Peet, and one against Silas Dunham and others; and five suits in the county court, three in the name of Polly M. Hatch, and two in the name of Elmore A. Hatch." Nothing is said in this latter allegation about the suit against Norman Peet, mentioned in the stipulation, and it does not appear in any way to have been discontinued. The

general averment that all suits, &c. were discontinued, is expressly limited, by what follows, to the suits particularly specified, in which the suit against Norman Peet is not included. The latter clause of the sentence explains and restricts the former part. Probably the explanation was unnecessary, but having been made, and the general allegation being qualified by it, it cannot be treated and rejected as surplusage.

Other questions raised on the demurrer need not be examined.

I think that for the defect in the complaint last above specified, the complaint does not show a cause of action, and that the order appealed from should be reversed with costs, and the demurrer sustained, with leave to the plaintiff to amend, on payment of costs.

[MONROE GENERAL TERM, March 2, 1857. *T. R. Strong*, *Welles* and *Smith*, Justices.]