RIDER and others *vs.* POND.

The plaintiffs, being manufacturers of oils and varnish, entered into an agreement with R. & Co. by which the plaintiffs undertook to increase the capacity of their works, so as to produce double the quantity of oils and varnish then manufactured, and when they were thus prepared to extend their business, R. & Co. agreed to advance them $10,000, to be refunded as thereinafter provided. The oils and varnish were to be consigned to R. & Co. for sale, and after paying advances, commissions &c., they were to retain sufficient to refund said advance of $10,000. As a further security for the $10,000 the plaintiffs agreed that when the same was advanced they would deliver to R. & Co. bills of sale of the machinery in the oil works, and assign a policy of insurance upon the factory and machinery, to the amount of $10.000. Subsequently the plaintiffs transferred to the defendant all their right and interest in the said agreement and its stipulations, except the receipt of the $10,000. The defendant thereupon assumed all the obligations of the plaintiffs in their contract with R. & Co., and agreed to build and fit up the factory, and to make a bill of sale to R. & Co. on the said factory, for the $10,000 to be advanced by R. & Co., and that R. & Co. might pay over the $10,000 to the plaintiffs, for their own use. In an action for a breach of this agreement, the breach assigned was that the plaintiffs had requested the defendant to procure a policy of insurance for the sum of $10,000 and assign the same to R. & Co., and had also requested him to execute and deliver to R. & Co. a bill of sale of the machinery in the factory as security to them for the sum of $10,000, so to be advanced by them ; which the defendant had refused to do. *Held,* that in the absence of any averment, or proof, that the plaintiffs had been damnified in any way by the breach of the defendant's contract ; or that in consequence of such breach R. & Co. had refused to pay them the $10,000, the action would not lie.

ON the 30th of May, 1850, the plaintiffs, being manufacturers of oils and varnish in Brooklyn, entered into an agree-

ment with Roberts & Low, merchants of London, doing business under the firm of E. G. Roberts & Co.   The parts of the agreement material to the present case are as follows :   The plaintiffs agreed to increase the capacity of their works, so as to produce double the quantity of material then being manufactured by them, and when they were thus prepared to increase the quantities of oil manufactured, the said firm of E. G. Roberts & Co. agreed to advance them $10,000 in cash, to be refunded as thereinafter provided.   The manufactured articles were to be consigned to said firm of E. G. Roberts & Co. for sale, and after paying advances, commissions &c., they were to retain sufficient to refund said advance of $10,000. The plaintiffs agreed that as a further security for the payment of said advance of $10,000, which they designed to expend in increasing their works as above mentioned, they would, when the *same was advanced,* assign to Roberts & Co. a policy of insurance in at least that amount, upon the factory and machinery, and keep the same thus insured *until* the said $10,000 was refunded.   And they also agreed, *on payment* of said $10,000, to execute and deliver to Roberts & Co. a bill of sale of the machinery in the factory to that amount, to be held by them as a further security until the said sum of $10,000 was refunded.   On the 23d of July, 1850, the plaintiffs transferred to the defendant all their right, title and interest, in and to the said agreement and its stipulations, except the receipt of the $10,000 mentioned in an agreement annexed, executed by the defendant, of the same date, so that the defendant might do all things in the premises, and receive all moneys under said contract, except the sum of $10,000.

The defendant, thereupon, by a simultaneous agreement between the plaintiffs and himself, assumed all the obligations of the plaintiffs in their contract with Roberts & Co., and further agreed with the plaintiffs to build and fit up the factory and "to make a bill of sale to said Roberts & Co. on said oil factory, for $10,000, to be advanced by said Roberts & Co. ; said bill of sale to be in accordance with said agreement,

Rider *v.* Pond.

and when said bill of sale is made, I agree that said Roberts & Co. may pay over said $10,000 to W. Rider & Brother, [the plaintiffs,] to be used by them for their own use and benefit, and without any account to me." It was for an alleged breach of this last agreement that this suit was brought, and the plaintiffs claimed damages to the amount of $10,000.

The breach alleged in the complaint was that the plaintiffs had requested the defendant to procure a policy of insurance for the sum of $10,000, and assign the same to Roberts & Co., and had also requested him to execute and deliver to Roberts & Co. a bill of sale of the machinery in said factory, to the amount or sum of $10,000, as security to said Roberts & Co., for the amount or sum of $10,000, to be advanced by them as aforesaid, which the defendant had refused to do; whereupon the plaintiffs had sustained damage to $10,000.

The defendant denied that the plaintiffs had sustained any damage by reason of his neglect or default. The case was tried at the circuit, and on proof of these agreements, and that Roberts & Co., and Robbins had assented to the assignment of the contract to the defendant, and that the defendant took possession of the works and made the improvements contemplated by the contract, the plaintiffs rested their case. The defendant moved to dismiss the complaint, which motion was granted, and the plaintiffs excepted, and the judge directed the exceptions to be heard in the first instance at the general term.

*W. H. Leonard,* for the plaintiffs.

*H. H. Stuart,* for the defendant.

*By the Court,* DAVIES, P. J. The plaintiffs seek to recover damages from the defendant for his alleged breach of his contract with them. This action has nothing to do with his failure to perform the contract with Roberts & Co., if any such

failure has occurred; nor is it to recover for any damages which Roberts & Co. have sustained.

The agreement with the plaintiffs was that he, the defendant, would make a bill of sàle to Roberts & Co. on said oil factory, for $10,000, to be advanced to said Roberts & Co. according to the agreement, which was, to make the advance to the plaintiffs. Roberts & Co. make no complaint or demand on the defendant to make such bill of sale to them, and how do the plaintiffs show they are damnified by the defendants' omission to make the bill of sale to Roberts & Co. ? I have looked in vain, through the complaint, for any allegation of injury to them, or any proof that they have sustained any damage by such breach. I do not comprehend how a plaintiff is entitled to recover damages for a breach of an agreement, unless such damage is alleged in the complaint and admitted by the answer, and if, as in this case, it is denied in the answer, without proof of the damage. The rule laid down in *Williams* v. *Benton*, (13 *Louis. Rep.* 404,) and quoted approvingly in *Sedgwick on Damages, p.* 67, is "that the damages which a party can recover, on a breach of a contract, are those which are incidental *and caused* by the breach, and may reasonably be supposed to have entered into the contemplation of the parties at the time of the contract." Now it is manifest that the plain and obvious agreement of these parties was that the bill of sale was to be given to Roberts & Co. as security for the $10,000 to be advanced by them to the plaintiffs, and the object of the covenant on the part of the defendant was to insure the security to Roberts & Co., on such advances, which the plaintiffs had agreed to give them when the advance should be made, and not before, or for any other purpose. Shankland, J., in his opinion in the Court of Appeals in this case, says: "These securities in the hands of Roberts & Co., without the money being advanced upon them, would have been nullities." Can it be said that the plaintiffs have sustained any damage by the defendant's not doing an act which would be a nullity? It is not averred or proven

that the plaintiffs have been damnified in any way by the breach of the defendant's contract. If they have received the $10,000 from Roberts & Co., and the latter have not received the security to which they were entitled, it is for them to complain. If the plaintiffs have not received the $10,000, which, it is clear all the parties agreed and contemplated should be paid to them by Roberts & Co., and secured to the latter by the defendants, they should have so averred and proved, and that such failure was caused by the breach of the covenant on the part of the defendant. Then a good cause of action would have been established against him, and the plaintiffs would have been entitled to recover the damages sustained by them.

We do not see that they have sustained any damage by such omission of the defendants. The motion to dismiss the complaint was properly granted, and the complaint must be dismissed with costs.