Donohue, J.
The complaint is this case is for damages for non-performance of a gold contract. The defendants demur. The most important ground of demurrer is that no sufficient allegation of damage is *428 set out in the complaint to give the defendants notice-of what they are to try. Assuming that the complaint is correct in all other particulars and allegations, it amounts to this: the plaintiff says you, the defendants, on a certain day bought certain gold of me, which I have been and am now ready to deliver, and you will not pay for it, and I am damaged to the amount of so much by that refusal, without as matter of fact showing how that or any damage arises. Its seems to me on the authority of Grould v. Allen (1 Wend., 182), and Rider v. Pond (28 Barb., 447), theaverment is not enough. Had this action been for the purchase price of the gold, the mere statement of' the contract, tender, and refusal would have sustained an action for that price; but the action is not for that price; it is for damage on the defendants’ failure to keep their contract, and there does not appear, either by express averment of fact, or any inference the court can legally draw, that the plaintiff has sustained damage; mere conclusion asserting damage is not enough.
In regard to the averment supposed to set out the-refusal of defendants on which the action is founded,, I think the complaint equally defective ; the mere refusal to take the gold could not damage the plaintiff' or Harrison; it was only the refusal to pay for it which would work that result, and that refusal is alleged to be a refusal to pay the plaintiff; it does not appear that the assignor Harrison has not been paid. How Harrison could be damaged by a refusal to pay plaintiff, does not appear. '
For these reasons it seems to me the demurrer is well taken, and there, must be judgment for defendants, with the usual leave to plaintiff to amend on payment, of costs.